UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**SOUTHERN BANK AND TRUST COMPANY,**

    Plaintiff,

v.                                                                        Civil No.: 2:14cv270

**PROSPERITY BEACH, LLC,**

**ROBERT F. WRIGHT,**

**CRAIG DEAN,**

    Defendants.

## MEMORANDUM ORDER

This matter is before the Court on an unopposed motion filed by Southern Bank and Trust Company ("Plaintiff") for Default Judgment under Federal Rule of Civil Procedure 55(b)(1), requesting default judgment to be entered by the Clerk of Court, against Defendants, Prosperity Beach, LLC and Craig Dean.[1] ECF No. 8, 9. For the reasons discussed herein, Plaintiff's motion is **STAYED**.

    I.     FACTUAL AND PROCEDURAL BACKGROUND

On June 5, 2014, Plaintiff filed a complaint alleging that Defendants defaulted on a promissory note ("Note") and two commercial guaranties ("Guaranties") executed by Defendants in

---

[1] Robert F. Wright timely filed an answer on June 30, 2014, and Plaintiff does not seek Default Judgment against said Defendant.

favor of Plaintiff. ECF No. 1. Plaintiff served the summons and complaint, through a private process server, upon Defendants on June 11, 2014. ECF No. 4. Defendant Wright timely filed an answer on June 30, 2014. ECF No. 5. Prosperity Beach, LLC and Dean failed to file an answer within twenty-one days of being served with the summons and complaint or to make a timely waiver of service pursuant to Federal Rule of Civil Procedure 12(a)(1). Plaintiff requested and the Clerk subsequently entered default on July 11, 2014. ECF No. 6, 7. Plaintiff's instant motion seeks entry of default judgment against Defendants Prosperity Beach, LLC and Dean. ECF. No. 9.

## II. **FROW v. VEGA** & **FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

Because Prosperity Beach, LLC and Dean have not appeared, answered, filed an opposition brief to Plaintiff's motion for entry of default judgment, and have not otherwise moved to set aside default, such default remains in place. However, it must be determined whether default judgment as to Prosperity Beach, LLC and Dean are appropriate when there is potential joint and several liability by a co-defendant, Wright, who is proceeding to defend on the merits.

In Frow v. Vega, 82 U.S. (15 Wall.) 552 (1870), the Supreme Court warned that default judgment should not be entered against defaulting defendants in a joint liability situation when one or more defendants is defending on the merits because it could

2

result in logically inconsistent judgments. Id. at 554. Rule 54(b) of the Federal Rules of Civil Procedure was subsequently adopted, stating that "when multiple parties are involved [in an action], the court may direct entry of a final judgment as to one or more . . . parties *only if the court expressly determines that there is no just reason for delay*." Fed. R. Civ. P. 54(b) (emphasis added). The Fourth Circuit has interpreted Rule 54(b) to broaden Frow's joint liability rule such that "just reason for delay" includes avoiding inconsistent judgments when multiple defendants are jointly and/or severally liable. See United States ex rel. Hudson v. Peerless Ins. Co., 374 F.2d 942, 944 (4th Cir. 1967).

Rule 54(b) permits the court to delay entry of judgment for the "just reason" of preventing "logically inconsistent judgments in the same action." Phoenix Renovation Corp. v. Gulf Coast Software, Inc., 197 F.R.D. 580, 582 (E.D. Va. 2000) (holding Rule 54(b) applicable to circumstances where "plaintiff's theory of recovery against [one defendant] is largely subsumed by its theory of recovery against [the other] defendant" even in the absence of formal joint liability). "A logically inconsistent judgment results when, of two 'similarly situated' defendants, one defendant successfully defends on the merits and the other defendant suffers a default judgment in the same action." Vick v. Wong, 263 F.R.D. 325, 332 (E.D. Va. 2009)

3

(citations omitted).

### III. DISCUSSION

Defendants are jointly and/or severally liable for defaulting on the Note and Guaranties. Wright and Dean signed the Note as managing members of Prosperity Beach, LLC, and, personally, signed the Guaranties. ECF No. 1-1, 1-5, 1-6. The Guaranties contained a provision that, "Guarantor absolutely and unconditionally *guarantees full and punctual payment* and satisfaction of Indebtedness of Borrower to Lender, and the performance and discharge of *all Borrower's obligations under the Note* and Related Documents." ECF. No. 1-5, 1-6 (emphasis added). While Wright concedes that he is liable on the Note and Guaranty, he has pleaded affirmative defenses that could possibly reduce the amount of the award as to all Defendants. ECF No. 5. As such, an inconsistent judgment could result if Wright successfully defended on the merits while default judgment was entered against Prosperity Beach, LLC and Dean.

Even if there is no joint and/or several liability, Defendants are "similarly situated." Similar to the plaintiff in <u>Phoenix Renovation Corp.</u>, Southern Bank's theory of recovery against Wright is largely subsumed by its theory of recovery against Dean because they rest on common facts concerning Defendants' defaulting on identical Guaranties. ECF. No. 1. In fact, the theories of recovery are identical. ECF. No. 1.

4

Additionally, the Guaranties provided further security for the Note executed by Prosperity Beach, LLC through its managing members, Wright and Dean. ECF. No. 1-5, 1-6. While the complaint is not pleaded in terms of formal joint liability for all Defendants for all causes of action, Defendants are "similarly situated" with regard "to the facts which, if established, would foreclose liability under the causes of action pleaded." Phoenix Renovation Corp., 197 F.R.D. at 583. This Court is loath to enter default judgment when the possibility of logically inconsistent judgments between a co-defendant proceeding to defend on the merits and defaulting co-defendants exists.

## IV. CONCLUSION

For these reasons, the Court finds that the default as to Prosperity Beach, LLC and Dean should remain in place, but to avoid the possibility of a logically inconsistent judgment, Plaintiff's motion for entry of default judgment is **STAYED** pending resolution of the suit against Wright on the merits. The Court further recommends that Plaintiff mail copies of this Memorandum Order to Defendants at Defendants' last known addresses. The Clerk is **REQUESTED** to forward a copy of this Memorandum Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ [signature]<br>
Mark S. Davis<br>
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 3, 2014