UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SOUTHERN BANK AND TRUST COMPANY,

        Plaintiff,

v.                                                                 Action No. 2:14cv270

PROSPERITY BEACH, LLC,
ROBERT F. WRIGHT,
CRAIG DEAN,

        Defendants.

**OPINION & ORDER**

This breach of contract action is brought by Plaintiff Southern Bank and Trust Company ("Southern") seeking judgment against Defendants for their failure to perform their obligations under three contracts-a Promissory Note entered into by Prosperity Beach, LLC, ("Prosperity Beach"), a Guaranty entered into by Robert F. Wright ("Wright"), and a Guaranty entered into by Craig Dean ("Dean"). The parties consented to proceed before a United States Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. The matter is before the Court on Plaintiff's Motion for Summary Judgment against Wright (ECF No. 21) and Plaintiff's Motion for Default Judgment against Prosperity Beach and Dean (ECF No. 6). For the reasons stated herein, Plaintiff's Motion for Summary Judgment is GRANTED and Plaintiff's Motion for Default Judgment is GRANTED.

**I. JURISDICTION AND VENUE**

Based on the facts of this case, the Court holds both subject matter jurisdiction over the case and personal jurisdiction over the defendants. Similarly, venue is proper.

1

### A. Subject Matter Jurisdiction

A federal district court has subject matter jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States. *See* 28 U.S.C. § 1332 (2012). A corporation is a citizen of every state by which it has been incorporated and the one state where it has its principal place of business. *Id.*

Here, Southern is a banking corporation incorporated and maintaining its principal place of business in North Carolina. Pl. Mem. in Support of Mot. for Sum. Judg. ("Pl. Mem.") 3, ECF No. 22. Prosperity Beach, Dean, and Wright are all citizens of the Commonwealth of Virginia. *Id*; ECF No. 1. Because the parties are of diverse citizenship, and the amount in dispute exceeds $75,000, the Court holds subject matter jurisdiction over this case.

### B. Personal Jurisdiction

Personal jurisdiction over a defendant is established when a defendant has sufficient "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice,'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1941)), and when the defendant is subject to the personal jurisdiction of the courts of general jurisdiction of the forum state. *See* Fed. R. Civ. P. 4(k)(1)(A). The Court has personal jurisdiction over Prosperity Beach, Wright, and Dean pursuant to Virginia Code Section 8.01-328.1 because they transact business, including the transaction at issue in this case, in the Commonwealth of Virginia. Va. Code § 8.01-328.1; *see also* Pl. Mem., ECF No. 22; ECF No. 1.

### C. Venue

Venue is proper under 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to Southern's claim occurred in this judicial district and division. Pl. Mem., ECF No.

22. [1]

## II. UNDISPUTED FACTS

On October 16, 2007, Prosperity Beach executed a Promissory Note in the amount of $8,341,259.00 in favor of Bank of the Commonwealth. Promissory Note, ECF No. 1-1; Wright's Ans. to Compl. ("Answer") ¶ 7, ECF No. 5; Pl. Mem. 3, ECF No. 22. On October 29, 2009, Prosperity Beach executed the first of two Change in Terms Agreements in favor of Bank of the Commonwealth, and on May 28, 2010, the second Change in Terms Agreement was executed which further modified the Note. Change in Terms Agreements, ECF Nos. 1-2, 1-3; Answer ¶¶ 8, 9. The original Promissory Note as modified by the two Change in Terms Agreements will be collectively referred to as the "Note."

Also on May 28, 2010, Wright executed a Commercial Guaranty (the "Wright Guaranty") personally guarantying "full and punctual payment and satisfaction of the Indebtedness of [Prosperity Beach, LLC] to Lender, and the discharge of all of [Prosperity Beach, LLC]'s obligations under the Note and the Related Documents." Wright Guaranty, ECF No. 1-5. Craig Dean also executed a Commercial Guaranty personally guarantying the Note on June 8, 2010. Dean Guaranty, ECF No. 1-6. Prosperity Beach, LLC defaulted on the Note. Answer ¶ 11, ECF No. 5. By a Demand Letter dated March 15, 2013, Southern demanded payment in full under the Note from Prosperity Beach, and under the Guaranties from Wright and Dean. Demand Letter, ECF No. 1-4; Answer ¶ 18, ECF No. 5. Southern made a demand for payment in full of the principal balance of $3,230,347.77, interest in the amount of $1,482,985.99 through June 2, 2014, late charges in the amount of $4,357.37, an appraisal fee in

---

[1] Additionally, a Choice of Venue provision included in the first and second Change in Terms Agreements stipulated as follows: "If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the applicable courts for the City of NORFOLK, Commonwealth of Virginia." ECF Nos. 1-2, 1-3.

the amount of $19,300.00, and escrow shortage funds in the amount of $12,455.01 due under the Note. Pl. Mem. at 4-5, ECF No. 22. No payment has been made on the Guaranty. Answer ¶ 17, ECF No. 5.

### III. PROCEDURAL HISTORY

On June 5, 2014, Southern filed its Complaint against Prosperity Beach, Robert F. Wright, and Craig Dean. ECF No. 1. Defendant Wright timely filed an Answer and Affirmative Defenses on June 30, 2014. ECF No. 5. Prosperity Beach and Dean failed to file an answer within twenty-one days of being served with the summons and complaint, or to make a timely waiver of service pursuant to Federal Rule of Civil Procedure 12(a)(1). *See* Summons, ECF No. 4. The clerk entered default as to Prosperity Beach and Craig Dean on July 11, 2014, and Southern submitted a Motion for Default Judgment on August 18, 2014. ECF No. 8. On October 3, 2014, in order to avoid the possibility of inconsistent judgments, Southern's Motion for Default Judgment was stayed pending resolution of the Motion for Summary Judgment against Wright. ECF No. 10.

Southern also filed suit against 426 Granby Street LLC, Robert F. Wright, and Craig Dean on June 6, 2014, for payment in full, under a separate Promissory Note from 426 Granby Street, LLC and Commercial Guaranties executed by Wright and Dean. *Southern Bank and Trust Company v. Wright et al.*, 2:14-cv-271 (E.D. Va. filed June 6, 2014). The actions against Prosperity Beach (2:14-cv-270) and 426 Granby Street, LLC (2:14-cv-271) were consolidated on November 18, 2014. ECF No. 17. On January 20, 2015, Southern served Interrogatories, Requests for Admission, and Requests for Production of Documents on Wright. ECF No. 22-1. Wright has failed to respond to the Requests for Admission, which are deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3).

Southern filed a Motion for Summary Judgment against Wright on March 4, 2015. ECF No. 21. Relying on the exhibits attached to the Complaint, Wright's Answer, as well as requests for admissions deemed admitted, Southern alleges that Wright is liable under the Guaranty for the principal balance of $3,230,347.77, interest in the amount of $1,482,985.99 through June 2, 2014, late charges in the amount of $4,357.37, an appraisal fee of $19,300.00, and escrow shortage funds in the amount of $12,455.01. Pl. Mem. 5-6, ECF No. 22. Southern also seeks attorneys' fees and expenses associated with this action from Wright. Pl. Mem. 10. Wright has failed to respond to the Motion for Summary Judgment.

The Court will first address Southern's Motion for Summary Judgment against Wright, and then will address the pending Motion for Default Judgment against Prosperity Beach and Dean.

## IV. STANDARD OF REVIEW FOR MOTION FOR SUMMARY JUDGMENT

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For the evidence to present a "genuine" issue of material fact, it must be "such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party "seeking summary judgment always bears the initial responsibility of informing the [court] of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party has met its burden to show that the evidence is insufficient to support the nonmoving party's case, the burden shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586-87 (1986).

In deciding a motion for summary judgment, the Court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the non-moving party. *Anderson*, 477 U.S. 242 at 255. Finally, either party may submit as evidence "pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits" to support or rebut a summary judgment motion. Fed. R. Civ. P. 56(c).

Southern asserts that there are no genuine issues of material fact, and that as such, they are entitled to judgment as a matter of law on all claims asserted in the complaint against Wright.

### V. ANALYSIS OF MOTION FOR SUMMARY JUDGMENT AGAINST ROBERT F. WRIGHT

This Court, exercising diversity jurisdiction, will apply the substantive law of Virginia. *Erie R.R. v. Tomkins*, 304 U.S. 64, 78-79 (1938). Under Virginia law, a guaranty is "an independent contract, by which the guarantor undertakes, in writing, upon sufficient undertaking, to be answerable for the debt, or for the performance of some duty, in case of the failure of some other person who is primarily liable to pay or perform." *McDonald v. Nat'l. Enters., Inc.*, 547 S.E.2d 204, 207 (Va. 2001) (quoting *B.F. Goodrich Rubber Co. v. Fisch*, 127 S.E. 187, 188 (Va. 1925)). In an action to enforce a guaranty, a plaintiff must demonstrate: (1) the existence and ownership of the guaranty; (2) the terms of the primary obligation; (3) default on the obligation by the primary obligor; and (4) nonpayment of the amount due under the guaranty contract. *See McDonald*, 547 S.E.2d at 207.

In this case, no dispute exists as to these four requirements. Wright admits to executing the Guaranty. Answer ¶ 15, ECF No. 5. As to the second requirement, the terms of the primary obligations of Prosperity Beach under the Promissory Note and Change in Terms Agreements were attached to Plaintiff's Complaint and Wright admits that the attachments are accurate

copies of the original documents. Answer ¶ 7, ECF No. 5; ECF Nos. 1-1, 1-2, 1-3.

The third element requires that there be a showing of default on the obligation by the primary obligor. *McDonald*, 547 S.E.2d at 207. Wright admits in his Answer that the Note is in default. Answer ¶ 11, ECF No. 5. Finally, Wright admits the "[he] is in default in payment due under the [Wright] Guaranty" and that "[n]o payment has been made on the [Wright] Guaranty by Wright in response to the [Plaintiff's Demand Letter]." Answer ¶¶ 17, 19; ECF No. 5.

There appears to be no disagreement about the existence and ownership of the guaranty; the terms of the primary obligation; default on the obligation by the primary obligor; or nonpayment of the amount due under the guaranty contract. *See* ECF No. 22. Accordingly, Southern has made, through undisputed facts, a prima facie showing that it is entitled to summary judgment against Wright.

As stated in *Matsushita*, 475 U.S. at 586, when the moving party has met its burden to show that the evidence is insufficient to support the nonmoving party's case, the burden shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. Defendant Wright did not submit a response to Southern's Motion for Summary Judgment. Additionally, Wright has asserted no facts that dispute, or are contrary to, any of Plaintiff's factual contentions.

In his affirmative defense, Wright asserts that Southern is estopped from recovering a deficiency from Wright because Southern has failed to mitigate its damages by refusing to allow the defendants to list the collateral for sale. Answer, ECF No. 5. Seemingly, Wright asserts this theory under principles of fairness and equity. In order to establish the elements of equitable estoppel, there must have been a representation upon which there was reliance, a change in position, and detriment. *T. v. T.*, 224 S.E.2d 148, 152 (Va. 1976) (citing *United States v. Fid. &*

*Cas. Co. of New York*, 402 F.2d 893, 898 (4th Cir. 1968)). Wright has failed to meet these requirements.

There is no language in the Guaranty that would represent to Wright that Southern must mitigate its damages. Wright warranted as Guarantor that "no representations or agreements of any kind [were] made to [Wright] which would limit or qualify in any way the terms of [the] Guaranty." ECF No. 1-5. Under the terms of the Guaranty, "[Southern] can enforce [the] Guaranty against [Wright] even when Lender has not exhausted Lender's remedies against anyone else obligated to pay the Indebtedness or against any collateral securing the Indebtedness, [the] Guaranty or any other guaranty of the Indebtedness." *Id.* Finally, as stipulated in the Guaranty, Wright waived any right to require Southern to "proceed directly against or exhaust any collateral held by [Southern] from [Prosperity Beach] . . . to pursue any other remedy within [Southern's] power or . . . to commit any act or omission of any kind, or at any time, with respect to any matter whatsoever." *Id.* As such, Wright's affirmative defense fails as a matter of law.

After reviewing the pleadings presented, this Court finds there is no genuine issue of material fact.

## VI. MOTION FOR DEFAULT JUDGMENT AGAINST PROSPERITY BEACH, LLC AND CRAIG DEAN

In order to avoid the possibility of inconsistent judgments, Southern's Motion for Default Judgment against Prosperity Beach and Craig Dean was stayed pending resolution of the Motion for Summary Judgment against Wright. ECF No. 10.

Rule 55 of the Federal Rules of Civil Procedure requires an entry of default against a defendant who "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The Clerk properly entered a default against defendants Prosperity Beach and Craig Dean on July 11, 2014, as the defendants failed to respond to the

complaint within the twenty-one days allowed by Rule 12 of the Federal Rules of Civil Procedure. ECF No. 7; *See* Fed. R. Civ. P. 55(a).

Upon default, the facts alleged in the complaint are admitted. *See, e.g.*, *Airlines Reporting Corp. v. Sarrion Travel, Inc.*, 846 F.Supp. 2d 533, 535 (E.D. Va. 2012); *Globalsantafe Corp. v. Globalsantafe.com*, 250 F.Supp. 2d 610, 612 n.3 (E.D. Va. 2003). Conclusions of law are not deemed admitted, and therefore, the Court must "determine whether the well-pleaded allegations in [the] complaint support the relief sought in this action." *Ryan v. Homecoming Fin. Network*, 253 F.3d. 778, 780 (4th Cir. 2001).

The Federal Rules require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Recent Supreme Court decisions, however, mandate that a well pleaded complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Simple "legal conclusion[s] . . . [are] not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680 (citing *Twombly*, 550 U.S. at 555).

Southern properly pleaded a breach of contract claim against Prosperity Beach and Dean. Under Virginia law, a properly pleaded breach of contract claim requires a showing of "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004); *see also Brown v. Harms*, 467 S.E.2d 805, 807 (Va. 1996); *Fried v. Smith*, 421 S.E.2d 437, 439 (Va. 1992).

Here, Southern alleges that Prosperity Beach executed a Promissory Note in favor of Bank of the Commonwealth and that defendant Craig Dean executed a Commercial Guaranty.

ECF No. 1. As the present holder of the Note and the Dean Guaranty, Southern demanded payment in full under the Note and the Guaranty and no payments have been made. *Id.* As such, Southern alleges that Prosperity Beach is in default under the Note and Dean is in default under the Guaranty. *Id.* Plaintiff Southern has made a well-pleaded complaint and the Court GRANTS Plaintiff's Motion for Default Judgment as to Prosperity Beach and Craig Dean.

Default judgment does not automatically grant the relief sought in the complaint, but the relief granted cannot exceed the amount demanded in the pleadings. *See* Fed. R. Civ. P. 54(c). In the Complaint, Southern seeks payment of the principal balance of $3,230,347.77, interest in the amount of $1,482,985.99 through June 2, 2014, late charges in the amount of $4,357.37, an appraisal fee of $19,300.00, and escrow shortage funds in the amount of $12,455.01. Pl. Mem. at 4-5, ECF No. 22. Additionally, Southern requests payment of reasonable attorneys' fees and expenses incurred with this action. Pl. Mem. at 6, ECF No. 22. Southern does not specify the amounts requested in attorneys' fees or expenses.

### VI. CONCLUSION

This Court GRANTS Plaintiff's Motion for Summary Judgment against Wright under Federal Rule of Civil Procedure 56(c) and GRANTS Plaintiff's Motion for Default Judgment as to Prosperity Beach, LLC and Craig Dean under Federal Rule of Civil Procedure 55(b)(1).

Plaintiff is DIRECTED to submit a motion for attorneys' fees with affidavit in support by May 28, 2015. Further, by May 28, 2015, Plaintiff is DIRECTED to submit a calculation of pre-judgment interest for each day from June 17, 2015 through July 1, 2015. Defendants may file a response to Plaintiff's motion for attorneys' fees and calculation of pre-judgment interest by June 11, 2015, to which Plaintiff can reply by June 16, 2015.

The Clerk is DIRECTED to send copies of this Opinion and Order to all counsel of

record.

                                              /s/
                                 Tommy E. Miller
                            United States Magistrate Judge

Norfolk, Virginia
May 7, 2015