**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

SOUTHERN BANK AND TRUST COMPANY,

      Plaintiff,

v.                                              Action No. 2:14cv271

426 GRANBY STREET, LLC,
ROBERT F. WRIGHT,
CRAIG DEAN,

      Defendants.

## OPINION & ORDER

This breach of contract action is brought by Plaintiff Southern Bank and Trust Company ("Southern") seeking judgment against Defendants for their failure to perform their obligations under three contracts—a Promissory Note entered into by 426 Granby Street, LLC ("Granby"), a Guaranty entered into by Robert F. Wright ("Wright"), and a Guaranty entered into by Craig Dean ("Dean"). The parties consented to proceed before a United States Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. The matter is before the Court on Plaintiff's Motion for Default Judgment against Granby and Dean (ECF No. 9). For the reasons stated herein, Plaintiff's Motion for Default Judgment is GRANTED.

### I. JURISDICTION AND VENUE

Based on the facts of this case, the Court holds both subject matter jurisdiction over the case and personal jurisdiction over the defendants. Similarly, venue is proper.

**A. Subject Matter Jurisdiction**

A federal district court has subject matter jurisdiction over all civil actions where the

matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States. *See* 28 U.S.C. § 1332 (2012). A corporation is a citizen of every state by which it has been incorporated and the one state where it has its principal place of business. *Id*.

Here, Southern is a banking corporation incorporated and maintaining its principal place of business in North Carolina. Pl. Mem. in Support of Mot. for Sum. Judg. ("Pl. Mem.") 3, ECF No. 20. Granby, Dean, and Wright are all citizens of the Commonwealth of Virginia. *Id*.; ECF No. 1. Because the parties are of diverse citizenship, and the amount in dispute exceeds $75,000, the Court holds subject matter jurisdiction over this case.

**B. Personal Jurisdiction**

Personal jurisdiction over a defendant is established when a defendant has sufficient "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice,'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1941)), and when the defendant is subject to the personal jurisdiction of the courts of general jurisdiction of the forum state. *See* Fed. R. Civ. P. 4(k)(1)(A). The Court has personal jurisdiction over Granby, Wright, and Dean pursuant to Virginia Code Section 8.01-328.1 because they transact business, including the transaction at issue in this case, in the Commonwealth of Virginia. Va. Code § 8.01-328.1; *see also* Pl. Mem., ECF No. 20; ECF No. 1.

**C. Venue**

Venue is proper under 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to Southern's claim occurred in this judicial district and division. Pl. Mem., ECF No.

20.[1]

## II. UNDISPUTED FACTS

On April 30, 2004, Granby executed a Promissory Note in the amount of $600,000.00 in favor of Bank of the Commonwealth ("Original Note"). Original Note, ECF No. 1-1; Def.'s Ans. to Compl. ("Answer") ¶ 7, ECF No. 5; ECF No. 20. On September 15, 2005, Granby executed the first of two Change in Terms Agreements ("First Change Agreement") in favor of Bank of the Commonwealth which modified the terms of the Original Note. First Change Agreement, ECF No. 1-2; Answer ¶ 8, ECF No. 5; ECF No. 20. On November 3, 2006, a second Change in Terms Agreement ("Second Change Agreement") was executed which further modified the Original Note. Second Change Agreement, ECF No. 1-3; Answer ¶ 9, ECF No. 5; ECF No. 20. On October 10, 2008, Granby executed a replacement Promissory Note ("First Replacement Note") in favor of Bank of Commonwealth which renewed the Original Note. First Replacement Note, ECF No. 1-4; Answer ¶ 10, ECF No. 5; ECF No. 20. On October 15, 2009, Granby executed a second replacement promissory note ("Second Replacement Note") in favor of Bank of the Commonwealth, which renewed the First Replacement note. Second Replacement Note, ECF No 1-5; Answer ¶ 11, ECF No. 5; ECF No. 20. On February 29, 2012, Granby executed a Note Modification Agreement in favor of Southern which had become the holder of the obligation. Note Modification Agreement, ECF No. 1-6; Answer ¶ 12, ECF No. 5; ECF No. 20. The Original Note, First Change Agreement, Second Change Agreement, First Replacement Note, Second Replacement Note, and Note Modification Agreement will be collectively referred to as the "Note."

---

[1] Additionally, a Choice of Venue provision included in the October 15, 2009 Promissory Note (ECF No. 1-5) stipulates as follows: "If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the applicable courts for the City of NORFOLK, Commonwealth of Virginia."

Craig Dean executed a Commercial Guaranty (the "Dean Guaranty") by which he "absolutely and unconditionally guarantee[d] and promise[d] to pay . . . the Indebtedness. . . of 428 Granby Street, LLC" on April 29, 2004. Dean Guaranty, ECF No. 1-9. On March 6, 2012, Wright executed a Commercial Guaranty (the "Wright Guaranty") personally guarantying "full and punctual payment and satisfaction of the Indebtedness of [426 Granby Street, LLC] to Lender, and the discharge of all of [426 Granby Street, LLC]'s obligations under the Note and Related Documents." Wright Guaranty, ECF No. 1-8. Granby defaulted on the Note. Answer ¶ 14, ECF No. 5; ECF No. 20. By a Demand Letter dated March 15, 2013, Southern demanded payment in full under the Note from Granby, and under the Guaranty from Wright and Dean. Demand Letter, ECF No. 1-7; Answer ¶ 16, ECF No 5; ECF No. 20. Southern made a demand for payment in full of the principal balance of $194,433.85, interest in the amount of $32,124.48 through June 6, 2014, late charges in the amount of $92.49, and an appraisal fee in the amount of $10,250.00 due under the Note. Pl. Mem. at 5, ECF No. 20. No payment has been made on the Note. Answer ¶ 22, ECF No. 5; ECF No. 20.

### III. PROCEDURAL HISTORY

On June 6, 2014, Southern filed its Complaint against 426 Granby Street, LLC, Robert F. Wright, and Craig Dean. ECF No. 1. Defendant Wright timely filed an Answer and Affirmative Defenses on June 30, 2014. ECF No. 5. Granby and Dean failed to file an Answer within twenty-one days of being served with the summons and complaint, or to make a timely waiver of service pursuant to Federal Rule of Civil Procedure 12(a)(1). *See* Summons, ECF No. 4. The clerk entered default as to defendants 426 Granby Street, LLC and Craig Dean on July 10, 2014 and Southern submitted a Motion for Default Judgment on August 11, 2014. ECF Nos. 8, 9. To avoid the possibility of inconsistent judgments, on October 3, 2014, Southern's Motion for Default

Judgment was stayed pending resolution of the Motion for Summary Judgment against Wright. ECF No. 11.

Southern also filed suit against Prosperity Beach, LLC, Robert F. Wright, and Craig Dean on June 5, 2014, for payment in full under a separate Promissory Note from Prosperity Beach, LLC and Commercial Guaranties executed by Wright and Dean. *Southern Bank and Trust Company v. Wright et al.*, 2:14-cv-270 (E.D. Va. filed June 5, 2014). The actions against Prosperity Beach, LLC (2:14-cv-270) and 426 Granby Street, LLC (2:14-cv-271) were consolidated on November 18, 2014.[2] ECF No. 18.

Southern filed a Motion for Summary Judgment against Wright on March 4, 2015. ECF 19, 20 (consolidated under 2:14-cv-270). Southern's Motion for Default Judgment against Granby and Dean was stayed pending resolution of the Motion for Summary Judgment against Wright. ECF No. 11. On May 8, 2015, Southern submitted a Motion for Entry of Dismissal with respect to Wright and renewed the Motion for Default Judgment against Granby and Dean. ECF No. 25. Dismissal of the claim against Wright was ordered on May 11, 2015. ECF No. 29.

### IV. MOTION FOR DEFAULT JUDGMENT AGAINST 426 GRANBY STREET, LLC AND CRAIG DEAN

Rule 55 of the Federal Rules of Civil Procedure requires an entry of default against a defendant who "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The Clerk properly entered a default against defendants Granby and Dean on July 10, 2014, as the defendants failed to respond to the complaint within the twenty-one days allowed by Rule 12 of the Federal Rules of Civil Procedure. ECF No. 7; *see*

---

[2] The Motion for Summary Judgment against Wright and the Motion for Default Judgment against Dean and Prosperity Beach, LLC in the 2:14-cv-270 action were granted in an Opinion and Order issued on May 7, 2015. ECF No. 27. On May 8, 2015, Southern submitted a Motion to Dismiss the case against Wright. ECF No. 25. Dismissal was granted on May 11, 2015. ECF No. 28.

5

Fed R. Civ. P. 55(a).

Upon default, the facts alleged in the complaint are admitted. *See, e.g.*, *Airlines Reporting Corp. v. Sarrion Travel, Inc.*, 846 F.Supp. 2d 533, 535 (E.D. Va. 2012); *Globalsantafe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). Conclusions of law are not deemed admitted, and therefore, the Court must "determine whether the well-pleaded allegations in [the] complaint support the relief sought in this action." *Ryan v. Homecoming Fin. Network*, 253 F.3d. 778, 780 (4th Cir. 2001).

The Federal Rules require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Recent Supreme Court decisions, however, mandate that a well pleaded complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Simple "legal conclusion[s] . . . [are] not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680 (citing *Twombly*, 550 U.S. at 555).

Southern properly pleaded a breach of contract claim against Granby and Dean. Under Virginia law, a properly pleaded breach of contract claim requires a showing of "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004); *see also Brown v. Harms*, 467 S.E.2d 805, 807 (Va. 1996); *Fried v. Smith*, 421 S.E.2d 437, 439 (Va. 1992).

Here, Southern alleges that Granby executed a Promissory Note in favor of Bank of the Commonwealth and that defendant Dean executed a Commercial Guaranty. ECF No. 1. As the present holder of the Note and the Dean Guaranty, Southern demanded payment in full under the

Note and the Dean Guaranty, and no payments have been made. *Id.* As such, Southern alleges that Granby is in default under the Note and Dean is in default under the Guaranty. *Id.* Plaintiff Southern has made a well-pleaded complaint and the Court GRANTS Plaintiff's Motion for Default Judgment as to Granby and Dean.

Default judgment does not automatically grant the relief sought in the complaint, but the relief granted cannot exceed the amount demanded in the pleadings. *See* Fed. R. Civ. P. 54(c). In the Complaint, Southern seeks payment of the principal balance of $194,433.85, interest in the amount of $32,124.48 through June 6, 2014, late charges in the amount of $92.49, and an appraisal fee of $10,250.00. Pl. Mem. 6, ECF No. 20. Additionally, Southern requests payment of reasonable attorneys' fees and expenses incurred with this action. *Id*. Southern does not specify the amounts requested in attorneys' fees or expenses.

## V. CONCLUSION

This Court GRANTS Plaintiff's Motion for Default Judgment as to 426 Granby Street, LLC and Craig Dean under Federal Rule of Civil Procedure 55(b)(1).

Plaintiff is DIRECTED to submit a motion for attorneys' fees with affidavit in support by May 28, 2015. Further, by May 28, 2015, Plaintiff is DIRECTED to submit a calculation of pre-judgment interest for each day from June 17, 2015 through July 1, 2015. Defendants may file a response to Plaintiff's motion for attorneys' fees and calculation of pre-judgment interest by June 11, 2015, to which Plaintiff can reply by June 16, 2015.

The Clerk is DIRECTED to send copies of this Opinion and Order to 426 Granby St., LLC, and Craig Dean at the addresses listed on the summons (ECF No. 4), as well as to all counsel of record.

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
May 13, 2015